1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8       CENTRAL DISTRICT OF CALIFORNIA

9           WESTERN DIVISION

10

11   ARMANDO JAUREGUI,              )   No. CV 11-09182-DDP (VBK)
                                    )
12                  Plaintiff,      )   ORDER RE DISMISSAL OF COMPLAINT
                                    )   WITH LEAVE TO AMEND
13       v.                         )
                                    )
14   HUNTINGTON BEACH CALIFORNIA    )
     POLICE DEPARTMENT, et al.,     )
15                                  )
                    Defendants.     )
16   _____)

17        Armando Jauregui (hereinafter referred to as "Plaintiff") filed

18   a civil rights Complaint pursuant to 42 U.S.C. §1983 in the United

19   States District Court for the Central District of California on

20   November 10, 2011 pursuant to the Court's Order re Leave to File

21   Action Without Prepayment of Full Filing Fee.

22

23                            **BACKGROUND**

24        Plaintiff alleges that Defendants Huntington Beach Police

25   Department and John Doe Police Officers No. 1 and No. 2, in their

26   individual and official capacities violated his civil rights on

27   October 15, 2009. (See Complaint at 2-6.) Plaintiff alleges that he

28   was sitting in a car owned by his friend when a Huntington Beach

police officer patrolling the beachfront residential properties pulled his police cruiser in front of Plaintiff's car.  Defendant John Doe No. 1 police officer came to the driver's side of Plaintiff's vehicle.  Plaintiff had been standing outside the vehicle at the rear when the Defendant John Doe No.1 police officer 'demanded to know [Plaintiff's] business on the street." (Complaint, attached pgs. i,ii.)  Plaintiff could not produce identification and tried to explain to the officer that he was waiting for his friend.  Defendant John Doe No. 1 police officer asked permission to search the car and told Plaintiff to go to the back of the car during the search.  After the search Defendant John Doe No. 1 police officer began to walk to the back of the vehicle to talk to Plaintiff. At that time,Plaintiff saw a second patrol car and became nervous and frustrated that his friend had not appeared. (Complaint, attached p. iii) Plaintiff said "Oh for God's sake" and then reached down to his waist for his cell phone,  whereupon Defendant John Doe No. 1 police officer demanded that Plaintiff put his hands behind his back.  Plaintiff asked to call his friend's boss to clear things up but Defendant John Doe No. 1 demanded Plaintiff place his hands behind his back. Id. Plaintiff became upset and asked the officer "Why are you arresting me?;" however, the officer did not respond but demanded Plaintiff put his hands behind his back.  Thereafter, Plaintiff alleges Defendant John Doe No. 1 police officer rushed him yelling "I told you to turn around," and began to grapple with Plaintiff's wrists and forearms. (Complaint, attached p. iiii) Plaintiff alleges he moved away from the officer to the center of the street. Id.

Plaintiff alleges that Defendant John Doe No. 2 police officer arrived and wrestled Plaintiff to the ground.  Plaintiff alleges

Defendant John Doe No. 1 police officer hit him in the face and head. (Complaint, attached page iiii.)

Plaintiff alleges that Defendants committed police brutality, assault and excessive force and violated his rights under the Fourth Amendment. Plaintiff seeks compensatory damages in the amount of $50,000 against Defendants John Does No. 1 and No. 2.

## STANDARD OF REVIEW

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the district court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a Defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n. 6, 109 S. Ct. 1827 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). A challenge to the Court's subject matter jurisdiction can be raised at any time, including sua sponte by the Court. Emrich v. Touche Ross and Co., 846 F.2d 1190, 1194 n. 2. (9th Cir. 1988).

"To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. 1955 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the Plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court

4

finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1998); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  A pro se litigant must follow the Rules of Procedure like any other litigant.  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.), cert. denied, 516 U.S. 838 (1995).

A.   **Federal Rule of Civil Procedure 8(a)**.

Any complaint filed in this Court must contain (1) "a short and plain statement of the grounds upon the Court's jurisdiction depends" and (2) "a short and plain statement of the claim" showing that the Plaintiff is entitled to relief.  Fed. R. Civ. P., Rule 8(a).  "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

**DISCUSSION**

For all of the following reasons, the Complaint should be dismissed with leave to amend.

//

//

//

5

A.   **It Appears from the Face of the Complaint That Plaintiff's Federal Civil Rights Claims Are Barred by the Applicable Statute of Limitations**.[1]

Federal civil rights claims are subject to the forum state statute of limitations applicable to personal injury claims.   See Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S.Ct. 1938 (1985); Owens v. Okure, 488 U.S. 235, 249, 109 S.Ct. 573 (1989).   At the time Plaintiff lodged for filing his Complaint herein, California's statute of limitations for personal injury claims was two years, as set forth in Cal. Civ. Proc. Code § 335.1.

Federal law, however, determines when a claim accrues, and when the applicable limitations period begins to run.   See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992); Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987); Venegas v. Wagner, 704 F.2d 1144, 1145 (9th Cir. 1983).   A cause of action accrues under federal law as soon as a potential claimant either is aware or should be aware of the existence and source of his injury.   See Lee v. United

---

[1]   Under both the pre Prison Litigation Reform Act Version of the IFP statute (former 28 U.S.C. § 1915(d), which only permitted sua sponte dismissal of frivolous and malicious claims) and the current version (28 U.S.C. § 1915(e)(2), which now mandates sua sponte dismissal not only of frivolous and malicious claims but also claims that fail to state a claim), federal courts have held that District Courts may sua sponte dismiss IFP complaints as time-barred, when the defense is obvious from the face of the complaint.   See, e.g., Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.   If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed.R.Civ.P. 8(c)."

States, 809 F.2d 1406, 1410 (9th Cir. 1987), cert. denied, 484 U.S. 1041 (1988); Bagley, 923 F.2d at 760.

Here, it appears from the face of the Complaint that Plaintiff's federal civil rights claims accrued on October 15, 2009. Therefore, Plaintiff's complaint should have been filed no later than October 15, 2011, absent any tolling.

Federal courts must give effect to a state's tolling provisions, including the tolling of a state statute of limitations during imprisonment. See Hardin v. Straub, 490 U.S. 536, 543-44, 109 S.Ct. 1998 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986). In Elliott v. City of Union City, 25 F.3d 800 (9th Cir. 1994), the Ninth Circuit held that the statute of limitations had been tolled by the Plaintiff's arrest and incarceration.  At the time Elliott was decided (i.e., March 1994), Cal. Civ. Pro. Code § 352(a)(3) provided for the tolling of statutes of limitations for the period of time that Plaintiff was "imprisoned on a criminal charge."  The Ninth Circuit held that this tolling provision was triggered by the plaintiff's arrest and incarceration. See Elliott, 25 F.3d at 802-03.  However, in September of 1994, subsequent to the Elliott decision, the California legislature enacted an amendment to § 352 which deleted the provision whereby the statute was tolled indefinitely while the plaintiff was continuously imprisoned.  Concurrently, the legislature enacted Cal. Civ. Pro. § 352.1(a), which contains the same language as former § 352(a)(3), but expressly limits the tolling to a period not exceeding two years.

Here, the Court cannot determine whether Plaintiff is entitled to any tolling as Plaintiff fails to state what occurred after the October 15, 2009 incident, i.e., whether Plaintiff was arrested and

incarcerated or released.  Plaintiff is granted leave to provide the Court with further information to determine whether or not Plaintiff is entitled to tolling.

**B.**   **The Allegations of the Complaint Are Insufficient to State a State law Tort Claim**.

It appears that Plaintiff is attempting to allege state law tort claims.  To the extent that these state law tort claims purport to be brought against "a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee," it appears to the Court that they are subject to Cal. Government Code § 950.2 of California's Government Claims Act (the "Act").  Pursuant to that statute, the submission of a claim against the employing public entity in accordance with the provisions of the Act is a condition precedent to a tort action against the employee.  See Williams v. Horvath, 16 Cal.3d 834, 838, 129 Cal.Rptr. 453 (1976); Harmon v. Mono General Hospital, 131 Cal.App.3d 607, 613, 182 Cal.Rptr. 570 (1982); Moyer v. Hook, 10 Cal.App.3d 491, 492, 89 Cal.Rptr. 234 (1970).  Thus, if a claim against the employing public entity is barred under the Act, Plaintiff's state tort claims against the employee are also barred.  See, e.g., Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Fisher v. Pickens, 225 Cal.App.3d 708, 718, 275 Cal.Rptr. 487 (1990).  Under Cal. Government Code § 911.2, it was incumbent upon Plaintiff to present his state tort claims in accordance with Cal. Government Code § 915 not later than six months after the accrual of his causes of action.  Cal. Government Code § 945.6 provides two alternative statutes of limitations for causes of action under the Act where a

claim filed with a public entity has been rejected.  If the public entity gives written notice of rejection of the claim in accordance with § 913, the statute of limitations is six months from the day such notice is personally delivered or deposited in the mail.  If such notice is not given in compliance with § 913, the statute of limitations is two years from accrual of the cause of action.

Here, Plaintiff has failed to allege that he has complied with the exhaustion period pursuant to the California Government Tort Liability Act §§ 911.2, 945.6(a), 945.6(a)(1) and 913.  California courts have held that in order to state a claim under the Act, the plaintiff must allege facts sufficient to demonstrate or excuse compliance with the filing provisions of the Act.  See, e.g., State v. Superior Court (Bodde), 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d 534 (2004). Plaintiff must set forth specific facts regarding compliance with California government Tort Claims Act.

### CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above.  Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; (2) the Court Clerk is directed to send Plaintiff a civil rights form utilized by the Central District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original Complaint. Plaintiff may not add new parties without leave of the Court.  Failure

1  to comply with the requirements set forth in this Order may result in

2  a recommendation that this action be dismissed with prejudice.

3

4  DATED:  January 20, 2012                    /s/
                                        _____
5                                       VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28